IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, A/S/O ) <br> NATIONAL MANUFACTURING COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HELMAR LUTHERAN CHURCH, ) <br> ) <br> Defendant. ) | No. 04 C 2478 <br> Hon. Mark Filip |

## MEMORANDUM OPINION AND ORDER

In this lawsuit, Federal Insurance Company ("Federal") is seeking contribution from Helmar Lutheran Church ("Helmar") for its portion of a settlement paid by Federal in an underlying personal injury lawsuit resolved in the Illinois state courts. Helmar filed a jury demand pursuant to Federal Rule of Civil Procedure 38 ("Rule 38") concurrently with its answer to the second amended complaint on April 5, 2005. On April 29, 2005, Federal filed a motion to strike the jury demand. In response, on May 25, 2005, Helmar filed a cross-motion requesting the Court to grant a jury trial pursuant to Rule 39(b). As explained below, Federal's motion to strike the jury demand is granted, and Helmar's motion belatedly requesting a jury trial is denied.

I.  **Background**

This case stems from a personal injury suit filed by Jean Wissmiller in Illinois state court against Helmar and National Manufacturing Co. ("National"). (Pl. 2d Am. Compl. ¶ 27.) Federal paid a $1,450,000 settlement to Wissmiller on behalf of National. (*Id.* ¶ 28.) In return for the settlement payment, Wissmiller released National and Helmar

from liability. (*Id.*) Helmar did not contribute to the settlement. (*Id.*) Federal filed the initial complaint seeking contribution in this Court on April 6, 2004. (D.E. 1.)

Helmar filed an answer to the complaint on June 21, 2004 (D.E. 7), and a motion for summary judgment on July 12, 2004. (D.E. 8.) The summary judgment motion was denied on December 13, 2004. (D.E. 16.) Federal filed a first amended complaint on December 14, 2004, and a second amended complaint on January 27, 2005. (D.E. 17, D.E. 20.) Neither of the amended pleadings raised new factual issues. The first amended complaint clarified that none of Helmar's members shared a state of citizenship with Federal for purposes of diversity jurisdiction (D.E. 17 at 1) and the filing (as well as the parties' oral representations in court) clarified that Federal was the only actual party in interest, as it was not seeking to recover any deductible paid by an insured.[1] The second amended complaint merely corrected an erroneous averment of Federal's state of incorporation, and that correction did not undermine the propriety of diversity jurisdiction. Helmar filed an answer to the second amended complaint (D.E. 27) on April 5, 2005, along with its jury demand (D.E. 26).

## II. Waiver of right to demand jury trial

Helmar failed to make a timely demand for a jury under applicable law and therefore waived the right to demand trial by jury. A party has the right to demand a jury trial by serving and filing such demand within ten days after service of the last pleadings directed to such issue. *See* Fed. R. Civ. P. 38(b). Failure to make a timely demand

---

[1] If the amount Federal was suing to recover in this action included a portion of payments made by another party, such as National, or if there were an arrangement whereby National were to receive a portion of any proceeds from the action, then National would have become a real party in interest under Federal Rule of Civil Procedure 17(a). *See Fed. Ins. Co. v. Your Homework, Inc.*, 280 F. Supp. 2d 844, 845 (N.D. Ill. 2003) (Shadur, J.).

2

constitutes a waiver of the right to trial by jury. *See* Fed. R. Civ. P. 38(d). The "last pleadings" will typically be an answer to a complaint or a reply to a counterclaim. *See, e.g., Early v. Bankers Life & Cas. Co.*, 853 F. Supp. 268, 270 (N.D. Ill. 1994) (citing *In re Kaiser Steel Corp.*, 911 F.2d 380, 388 (10th Cir. 1990)). Amended or supplemental pleadings do not revive the right to demand a jury trial except as to new issues of fact raised by the new pleadings. *See Communication Maint., Inc. v. Motorola, Inc.*, 911 F.2d 1202, 1208 (7th Cir. 1985); *accord Huff v. Dobbins, Fraker, Tennant, Joy & Perlstein, P.C.*, 243 F.3d 1086, 1090 (7th Cir. 2001).

In this case, Helmar's jury demand was filed April 5, 2005 (D.E. 26), concurrently with the answer to the second amended complaint (D.E. 27), and much longer than ten days after Helmar's initial answer (filed June 21, 2004 (D.E. 7)). The two amendments to the initial complaint only corrected issues relating to the propriety of diversity jurisdiction, and did not alter the substantive basis of the request for relief nor the gravamen of the alleged wrongdoing. Therefore, the last pleading contesting the issues was the answer to the initial complaint. Consequently, Helmar's failure to demand a jury trial within ten days of filing the answer on June 21, 2004, constituted a waiver of the right to demand a jury. Making the jury demand only after two prior answers to substantively identical complaints was deficient under Rule 38. *See Communications Maint.*, 761 F.2d at 1208.

### III. Discretion of the court to grant jury trial

Notwithstanding a waiver of the right timely to demand a jury trial, the court upon motion may exercise its discretion to grant a party's belated request for jury trial. *See* Fed. R. Civ. P. 39(b). A party making an untimely request for a jury trial may be

3

required to offer a reason for its untimeliness. *See Members v. Paige*, 140 F.3d 699, 704 (7th Cir. 1998). Once that party offers a reason, the court should exercise its discretion with an open mind in consideration of that reason and other circumstances of the case. *Id.* "Lack of legal assistance may supply (or be) a good reason for a favorable exercise of discretion under Rule 39(b)." *Id.*

In *Members*, the plaintiff filed a jury demand 46 days after the answer was filed. *Id.*, 140 F.3d at 701. Therefore, the demand was not timely under Rule 38(b). *Id.* However, Rule 39(b) required a thoughtful exercise of discretion by the court. *Id.* at 703. Once the defendant provided an explanation, the court could then exercise its discretion, after analyzing the situation with an open mind, to grant or deny the untimely request in consideration of the explanation given and other circumstances surrounding the case. *Id.* at 703-04.

The reason for the movant's failure to make a timely demand is frequently the determinative factor for the court in exercising its discretion. *Noddings Inv. Group, Inc. v. Kelley*, 881 F. Supp. 335, 337 (N.D. Ill. 1995). Four other factors also warrant consideration: 1) whether the issues would be best tried to a jury; 2) the length of delay in making the request; 3) whether the court's or the adverse party's schedule will be disrupted; and 4) whether the adverse party will be prejudiced. *See Noddings Inv. Group, Inc.*, 881 F. Supp. at 337; *accord Early*, 853 F. Supp. at 271.

Helmar offers three reasons for its failure to make a timely request. First, Helmar says it anticipated a dispositive motion on the pleadings, and Helmar thought that its Rule 12 motion (which it never filed, incidentally) would be a winning one. Anticipating that a court will grant a motion to dismiss or a motion for judgment on the pleadings is not a

4

sensible or acceptable reason for failing to comply with the Rule 38(b) requirements for demanding a jury. If a defendant is so confident in a Rule 12 motion that the defendant decides not to comply with other Federal Rules in developing a litigation strategy, it does so at its own risk.

Second, Helmar says it mistakenly failed to enter a jury demand when it decided to file a motion for summary judgment instead of a motion for dismissal. However, the motion for summary judgment was filed on July 12, 2004, after the ten-day period for compliance with Rule 38(b) had already passed. This "mistake" may shed some light (perhaps) on why the jury demand actually was nine months late instead of eleven days late, but the mistake does not reasonably explain why the jury demand was not made on time.

In addition, irrespective of whether Helmar intended to file a motion under Rule 12 or Rule 56, Helmar still had to comply with Rule 38 once the answer was filed. Helmar's statements that it originally intended to file a Rule 12 motion, but instead filed a Rule 56 motion, are not reasons for its failure to comply with Rule 38. Helmar's (misplaced) hope or expectation of getting a winning ruling on a dispositive pretrial motion might explain why Helmar thought compliance with Rule 38 would be a moot point. However, if Helmar was wrong in anticipating that this case would not go to trial, it did so at its own risk.

Third, Helmar vaguely intimates that there was "add[ed] . . . confusion" (D.E. 34 at 4) because "although the Plaintiff filed the case a new case [sic] in Federal District Court, the case is exactly the same case as the case dismissed from state court." *Id.* Helmar adds that "[s]uch a case proceeds very much like a case that had been removed to

Federal District Court, a situation in which the state court jury demand transfers with the case to federal court." *Id.* However, this argument is not compelling, as it is divorced from the reality of the situation. Neither of the parties nor the court has ever treated this suit as a case removed from state court. Helmar has not been confused about the nature of this case for any other part of the proceedings, and Helmar never even comes forward in its response brief and asserts that it *actually* was "confused" about whether the instant case was removed from state court or not. The idea that this federal case is, in some respects at least, similar to one that could have arrived in federal court via a removal (that never actually happened) is hardly a compelling reason for failure to abide by facially applicable procedural rules; Helmar has been represented throughout these proceedings by counsel, and no reasonable argument can be made that any attorney would reasonably be confused about the genesis or procedural posture of this case.

The Seventh Circuit's teaching in *Members* directs that the Court should consider any reasons proffered by the movant (as done above) as well as all of the other circumstances and facts in the case when the Court exercises its discretion concerning a belated request for a jury trial. *See id.*, 140 F.3d at 703-04. *Members* also instructed that "[i]f there is to be any presumption, it is the one stated in Rule 38(d)." *Id.*, 140 F.3d at 704. (Fed. R. Civ. P. 38(d) states that "[t]he failure of a party to serve and file a [timely] demand as required by this rule constitutes a waiver by the party of trial by jury.") *Members* also instructed that "[l]ack of legal assistance may supply (or be) a good reason for a favorable exercise of discretion under Rule 39(b)." *Id.*, 140 F.3d at 704.

In assessing the circumstances, facts, and equities in this case, the Court initially notes that Defendant has been represented by counsel throughout these proceedings.

Thus, there is no factor, as sometimes has been the situation in the precedent, of a *pro se* litigant belatedly seeking a jury trial. *See Merritt v. Faulkner*, 697 F.2d 761, 767 (7th Cir. 1983) (reversing district court denial of nine-day-late jury request from blind *pro se* prisoner, who from the beginning asserted that he was not capable of representing himself, and who claimed in the suit that defendant prison officials' deliberate indifference was the cause of his blindness). The Court also notes that while the Defendant in this case is Helmar, in substantial part this is a contribution case between two large insurance companies, Plaintiff and Helmar's insurer. There is no "David versus Goliath" dynamic at issue here; indeed, one might readily imagine that Plaintiff and Defendant's insurer will reverse roles in a subsequent case involving a different personal injury scenario. None of these factors makes Defendant's belated jury request a particularly sympathetic one.

The four additional factors in precedent identified above also on balance do not weigh in favor of granting Helmar's belated request for a jury trial. First, the Court is equally capable as a jury of deciding the factual issues to be presented at trial. While contributory negligence is something a jury would be well suited to resolve, the Court cannot fairly conclude that such an issue is beyond the ken of a federal district court.

Second, Helmar's request is nine months late. Whether the case in state court would have been tried to a jury is irrelevant to the length of delay in requesting a jury in this federal case. Although the Court does not consider the delay factor to be of substantial weight, it certainly is hard to say that Defendant has moved with much, if any, diligence on this issue.

Third, granting a jury trial at this point will not have much impact on scheduling one way or the other. No trial has been scheduled. In this regard, it likely bears mention that fewer judicial resources likely would be consumed if this case were resolved via a jury trial than a bench trial. The jury instructions in this comparative negligence case likely will not produce substantial disputes, and the judicial time needed to select a jury and await the jury's verdict likely is less, in the aggregate, than would be needed to complete findings of fact and conclusions of law. Nonetheless, the Court cannot shirk its responsibility of resolving the case via a bench trial, if that outcome is otherwise appropriate, simply because it would be less onerous to have the case presented to a jury.

Fourth, there is a possibility of prejudice to the Plaintiff, the adverse party. Although the Court cannot have complete insight into the parties' respective strategy assessments, it is clear that Defendant prefers a jury trial and Plaintiff prefers a bench trial. The Court does not believe this fourth factor is entitled to much weight in the analysis, because there is nothing "unfair" about requiring Plaintiff to present its case to a jury, but the Court notes that Plaintiff (which is without blame on the jury trial issue) opposes Helmar's belated jury trial request and believes it would be harmed on balance if Helmar's belated request were granted.

In sum, the four factors identified in precedent such as *Noddings Investment Group*, 881 F. Supp. at 337, do not cut strongly either in favor of or against Defendant's belated jury trial request. On balance the factors are largely a wash.

In its *Members* decision, the Seventh Circuit made clear that while there was language in at least one prior Seventh Circuit case suggesting that the party opposing an untimely jury demand should provide compelling reasons not to allow the request, in fact

8

there is no such requirement for the non-movant in a Rule 39 scenario. *See Members*, 140 F.3d at 703. In *Members*, the Seventh Circuit held that the presumption, if any, was against rather than in favor of granting a jury trial following a belated request for one. *Id.* ("[I]f the deadline in Rule 38(b) passes without a jury demand, the presumption is against rather than in favor of a jury trial.") (citing *Merritt v. Faulkner*, 697 F.2d 761, 767 (7th Cir. 1983)); *see also id.* at 704 ("If there be any presumption, it is the one stated in Rule 38(d); but applications under Rule 39(b) should be entertained with an open mind . . . .").

After considering Defendant's proffered reasons for its belated demand (none of which is even mildly compelling), and after considering the fact that the four factors identified in precedent do not meaningfully cut in favor of granting Defendant's belated request, the Court finds it appropriate to enforce the timeframe suggested in Rule 38 and therefore denies Defendant's motion. Defendant has been represented by counsel throughout these proceedings, and there is no meaningful disparity in sophistication between the parties. Under the circumstances, there is no unfairness, and substantial fairness, in holding the parties to the timeframe suggested in Rule 38.

## IV. Conclusion

In summary, Helmar waived its right to demand a jury by failing to file a demand in a timely manner as prescribed by Rule 38. Because Helmar failed to offer any adequate or even minimally compelling explanation for that failure, and because of all the other circumstances in the case (including, in particular, the fact that Helmar has been represented by counsel throughout these proceedings), the court declines to exercise its discretion under Rule 39 to grant Helmar's untimely request for a jury trial. Federal's

motion to strike the Defendant's jury demand is granted. Helmar's cross-motion requesting the Court to allow an untimely request for a jury trial is denied.

So Ordered.

_____
Mark Filip
United States District Judge
Northern District of Illinois

Date: 6-8-05